NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALVARO WILFORD | Civil Action No. 2:16-cv-02391 (SDW) |
| Plaintiff, | |
| v. | **OPINION** |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | February 7, 2017 |

**WIGENTON,** District Judge.

Before the Court is Plaintiff Alvaro Wilford's ("Plaintiff" or "Wilford") appeal of the final administrative decision of the Commissioner of Social Security ("Commissioner") that he is not disabled under sections 216(i) and 223(d) of the Social Security Act (the "Act"). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). Venue is proper under 28 U.S.C. § 1391(b). For the reasons set forth below, this Court **AFFIRMS** the Commissioner's decision.

I.   PROCEDURAL AND FACTUAL HISTORY

   A.   Procedural History

On September 11, 2012, Plaintiff applied for Disability Insurance Benefits ("DIB") (R. 208-214), alleging disability as of February 4, 2009, due to morbid obesity, asthma, obstructive sleep apnea, and diabetes (R. 32). On May 2, 2014, Plaintiff filed an application for Supplemental Security Income (SSI). (*Id.*) Plaintiff's application was denied both initially and upon

1

reconsideration. (R. 30, 123-27, 133-138.)  Plaintiff's subsequent request for a hearing before an administrative law judge ("ALJ") was granted, and a hearing was held before ALJ Donna A. Krappa ("ALJ Krappa") on September 24, 2014.  (R. 156-188.)  Plaintiff, as well as a vocational expert, appeared and testified at the hearing.  (See R. 77-100.)  On February 11, 2015, ALJ Krappa issued a decision finding Plaintiff was not disabled and denying his application for disability benefits.  (R. 24-43.)  On April 7, 2016, the Appeals Council denied Plaintiff's request for review of ALJ Krappa's June 11, 2012 decision, making it the Commissioner's final decision.  (R. 1-7.) Plaintiff now seeks reversal of ALJ Krappa's decision and asks this Court to grant his request for DIB or other relief as this Court deems appropriate.  (Compl. 4.)

### B.  Factual History

#### 1. Personal and Employment History

Plaintiff was born on April, 20, 1975 and was 39 at the time of ALJ Krappa's decision. (*See* R. 103.)  Plaintiff's highest level of education is the completion of the ninth grade.  (R. 95, 224.)  He has previously worked as a machine operator and mechanic.  (R. 95, 224.)  Plaintiff alleges that he became disabled as of February 4, 2009, due to the following medical impairments: "morbid obesity, asthma, obstructive sleep apnea and diabetes."  (Compl. ¶ 15.)

#### 2. Medical History

Numerous medical doctors and healthcare practitioners examined Plaintiff in relation to his disability claim.  (R. 101-122.)  In addition, Plaintiff testified about his health before ALJ Krappa.  (R. 77-100.)  The following is a summary of the medical evidence:
Plaintiff alleges that he is unable to work due to mainly physical ailments. (R. 223.) Specifically, Plaintiff contends that he suffers from high blood pressure, cholesterol, asthma, heart problems, and sleep apnea.  (*Id.*)  Plaintiff visited Trinitas Regional Medical Center on several occasions due to shortness of breath and asthma.  (R. 333, 338, 409.)  On December 31, 2010, he was

brought by ambulance for shortness of breath and wheezing. (R. 409.) He was diagnosed with asthma and acute dyspnea and discharged after treatment. (R. 409.) On December 16, 2012, Plaintiff went to the emergency room for a cough and fever. (R. 444.) During this visit, Plaintiff did not show any acute cardiopulmonary abnormalities, and he was diagnosed with an upper respiratory infection. (R. 444-448.)

Other emergency room contacts, all same day discharges, were unrelated to asthma and did not show any other severe impairment. (R. 367, 368, 492.) On March 30, 2011, Plaintiff went to an emergency room for a rash on his arm. (R. 392.) On October 21, 2011, Plaintiff was seen for chest pain with palpitations after eating greasy food and watching television. (R. 367.) All cardiac testing was negative, and Plaintiff was diagnosed with "acute gastritis, anxiety, hypertension and atypical musculoskeletal chest pain." (R. 368.) Plaintiff also went to an emergency room on March 15, 2012, due to pain in the left foot; his x-rays yielded negative findings. (R. 355-356.)

In August, November and December 2012, pulmonary function testing revealed Plaintiff had signs of small airway disease. (R. 418, 419, 454.) Plaintiff has documented sleep apnea and receives regular treatment, including use of a CPAP machine. (R. 456.) Dr. Vipin Garg, his treating physician, noted that Plaintiff should make efforts to lose weight. (R. 456.) Dr. Garg also indicated that he could provide no opinion of work ability and that Plaintiff had no limiting conditions that interfered with his ability to work. (R. 442.) In 2013, Plaintiff had several follow up appointments with Dr. Garg for obstructive sleep apnea. (R. 458, 462, 515, 518, 522.)

Dr. Joseph DiLallo met with Plaintiff for a one-time internal consultative examination in December 2012, and diagnosed Plaintiff with asthma, sleep apnea, high cholesterol, hypertension, morbid obesity, and transient heart difficulty/rhythm difficulty with sinus rhythm.

3

(R. 424.) Plaintiff had no positive neurological or musculoskeletal findings. (*Id.*) Dr. DiLallo noted that due to obesity, all pulses were difficult to evaluate; however, Plaintiff did not show extreme coldness or evidence for inflammation or edema of the lower extremities. (R. 424.) Plaintiff reported that his blood pressure was controlled, and his asthma and sleep apnea were successfully being treated. (R. 422.) Based on his evaluation, Dr. DiLallo opined Plaintiff's physical functions were considerably limited due to his morbid obesity, and as such, he would not be able to engage in "hard labor" or "drive a truck" as Plaintiff had previously done. (R. 425.)

Plaintiff also visited Dr. Michel-Ange Ferdinand of La Familia Medical Care on August 13, 2012. (R. 419.) A pulmonary function test showed small airway disease and an EKG was significant for left ventricular dysfunction. (R. 419.) Dr. Ferdinand diagnosed Plaintiff with asthma, obstructive sleep apnea, and morbid obesity upon examination. (*Id.*) He did not report any opinions of disability or functional limitation. (*Id.*)

Beginning in June 2013 and continuing through December, Plaintiff developed nephrolithiasis and was seen on several occasions for kidney stones. (R. 462.) During this time, he underwent a cystoscopy for a preoperative diagnosis of a ureteral stent found on his left abdomen. (R. 467.) No abnormalities of the urethra were noted and the stent was not removed. (R. 467-468.) Plaintiff also underwent extracorporeal shock wave lithotripsy for kidney stones. (R. 493.) During a follow up evaluation on September 30, 2013, he was encouraged to continue with decreased activity with regard to lifting and straining, but to increase walking and other forms of gentle exercise. (R. 573.)

### 3. Hearing Testimony

At the hearing held before ALJ Krappa on September 24, 2014, Plaintiff testified about his previous employment, physical conditions, and treatments. (R. 82.) He testified he worked as a machine operator and mechanic but was laid off in 2008. (R. 84.) He said he weighs over 350 pounds and is five feet, eleven inches tall. (R. 86.)

Plaintiff also testified that he could walk no more than two blocks, stand for fifteen minutes, and sit for thirty minutes. (R. 87.) He said he would not be able to lift twenty pounds because he would become short of breath and need to sit down. (R. 88.) Furthermore, Plaintiff testified that he was unable to do certain physical activity, such as bringing in the grocery bags, putting on socks, or tying his shoes. (R. 88.) He described his activities of daily living as consisting of heating up food in a microwave oven, taking medication, and making his bed. (R. 89.)

Vocational Expert Rocco J. Meola ("Meola") also testified at the hearing and opined that Plaintiff would be unable to return to his prior work because of the superior exertional level it required.

## II.   LEGAL STANDARD

### A. Standard of Review

In Social Security appeals, this Court has plenary review of the legal issues decided by the Commissioner. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). Yet, this Court's review of the ALJ's factual findings is limited to determining whether there is substantial evidence to support those conclusions. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citation and quotations omitted).

Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla'; it is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x. 613, 616 (3d Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Importantly, "[t]his standard is not met if the Commissioner 'ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Bailey*, 354 F. App'x. at 616 (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). However, if the factual record is adequately developed, "'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 4:08-cv-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). "The ALJ's decision may not be set aside merely because [a reviewing court] would have reached a different decision." *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x. 475, 479 (3d Cir. 2007) (citing *Hartranft*, 181 F.3d at 360). This Court is required to give substantial weight and deference to the ALJ's findings. *See Scott v. Astrue*, 297 F. App'x. 126, 128 (3d Cir. 2008). Nonetheless, "where there is conflicting evidence, the ALJ must explain which evidence he accepts and which he rejects, and the reasons for that determination." *Cruz*, 244 F. App'x. at 479 (citing *Hargenrader v. Califano*, 575 F.2d 434, 437 (3d Cir. 1978)).

In considering an appeal from a denial of benefits, remand is appropriate "'where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits.'" *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) (quoting *Saldana v. Weinberger*, 421 F. Supp. 1127, 1131 (E.D. Pa. 1976)). Indeed, a

decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny v. Harris*, 745 F.2d 210, 221–22 (3d Cir. 1984) (citations omitted).

### B. The Five–Step Disability Test

A claimant's eligibility for social security benefits is governed by 42 U.S.C. § 1382. An individual will be considered disabled under the Act if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" lasting continuously for at least twelve months. 42 U.S.C. § 423(d)(1)(A). The impairment must be severe enough to render the individual "not only unable to do his previous work but [unable], considering his age, education, and work experience, [to] engage in any kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A claimant must show that the "medical signs and findings" related to his or her ailment have been "established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged . . . . " 42 U.S.C. § 423(d)(5)(A).

To make a disability determination, the ALJ follows a five-step sequential analysis. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 480 (3d. Cir. 2007). If the ALJ determines at any step that the claimant is or is not disabled, the ALJ does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Step one requires the ALJ to determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is defined as

work that "[i]nvolves doing significant and productive physical or mental duties . . . for pay or profit." 20 C.F.R. §§ 404.1510, 416.910. If the claimant engages in SGA, the claimant is not disabled for purposes of receiving social security benefits regardless of the severity of the claimant's impairments. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the individual is not engaging in SGA, the ALJ proceeds to step two.

Under step two, the ALJ determines whether the claimant suffers from a severe impairment or combination of impairments that meets the duration requirement found in Sections 404.1509 and 416.909. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or a combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or combination of abnormalities that would have a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; SSR 85-28, 96-3p, 96-4p. An impairment or a combination of impairments is severe when it significantly limits the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If a severe impairment or combination of impairments is not found, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the ALJ finds a severe impairment or combination of impairments, the ALJ then proceeds to step three.

Under step three, the ALJ determines whether the claimant's impairment or combination of impairments is equal to, or exceeds, one of those included in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If an impairment or combination of impairments meets the statutory criteria of a listed impairment as well as the duration requirement, the claimant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d). If, however, the claimant's impairment or combination of impairments does not meet the severity of the listed impairment, or if the duration is insufficient, the ALJ

proceeds to the next step.

Before undergoing the analysis in step four, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(a), 404.1520(e), 416.920(a), 416.920(e). An individual's RFC is the individual's ability to do physical and mental work activities on a sustained basis despite limitations from his or her impairments. 20 C.F.R. §§ 404.1545, 416.945. The ALJ considers all impairments in this analysis, not just those deemed to be severe. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); SSR 96-8p. After determining a claimant's RFC, step four then requires the ALJ to determine whether the claimant has the RFC to perform the requirements of his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the claimant is able to perform his or her past relevant work, he or she will not be found disabled under the Act. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f). If the claimant is unable to resume his or her past work, the disability evaluation proceeds to the fifth and final step.

At step five, the ALJ must determine whether the claimant is able to do any other work, considering his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Unlike in the first four steps of the analysis where the claimant bears the burden of persuasion, the burden shifts to the ALJ at step five to determine whether the claimant is capable of performing an alternative SGA present in the national economy. 20 C.F.R. §§ 404.1520(g)(1) (citing 404.1560(c)), 416.920(g)(1) (citing 416.960(c)); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987). At this point in the analysis, the SSA is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do, given [the claimant's RFC] and vocational factors." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). If the claimant is unable to do any other SGA, he or she is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III.    DISCUSSION

On February 11, 2015, after performing the five-step disability test, ALJ Krappa found that from February 4, 2009 though the date of his decision, Plaintiff was not disabled as defined by the Act. (R. 38.) At step one of the disability analysis, ALJ properly found that Plaintiff had not engaged in SGA since February 4, 2009, the alleged onset date of Plaintiff's disability. (R. 32.)

At step two, ALJ Krappa properly considered the entire medical record in making a finding that Plaintiff suffered from the following severe impairments: "morbid obesity (currently 5'11" and 346 lbs); asthma; obstructive sleep apnea; and diabetes." (*Id.*) She found that these severe impairments "more than minimally effect[] [Plaintiff's] mental and physical abilities to do one or more basic work activities. In addition, . . . [Plaintiff's] impairments have lasted at a 'severe' level for a continuous period of more than 12 months." (*Id.*) These findings of severe impairments are supported by substantial evidence in the record. Furthermore, ALJ Krappa correctly determined that Plaintiff's history of renal stones did not rise to the durational requirements for a finding that this impairment is "severe" under the Regulations. (R. 32-33.)

At step three, ALJ properly determined that Plaintiff's impairments did not equal or exceed the impairments included in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). First, she properly found that the evidence in this case does not support a finding that Plaintiff has impairments involving the respiratory system as defined in 3.02A, 3.02B, 3.03, and 3.10. (R. 33.) When addressing Listing 3.02A, 3.02B, and 3.03, ALJ found that the record is devoid of evidence that meets the FEV1 levels required under 3.02A, or the number of attacks as described in 3.02B. (*Id.*) In considering Listing 3.10, ALJ Krappa noted the evidence does not establish

the requisite mean pulmonary artery pressure or arterial hypoxemia, or the loss of specific cognitive abilities or affective changes required.  (*Id.*)

Moreover, ALJ considered Plaintiff's obesity in combination with his respiratory impairments when determining whether Plaintiff's impairments met or medically equaled a listed impairment.  (*Id.*)  She properly found that the combination of Plaintiff's impairments did not medically equal a listing.  (*Id.*)  In support of her finding, ALJ Krappa correctly stated:

> While the [Plaintiff's] obesity when considered in conjunction with his other impairments would not allow him to perform the exertional demands of work at the very heavy, or heavy, levels . . . it would not prevent him from performing the demands of medium work with the other limitations . . ..

(R. 34.)  Therefore, ALJ Krappa properly found that Plaintiff's impairments did not equal or exceed the impairments in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Before undergoing the analysis in step four, ALJ Krappa determined Plaintiff's RFC.  (R. 14–18.)  She properly found that Plaintiff has the RFC to perform medium work as defined in 20 C.F.R. 404.1567(a), with additional limitations of no use of ladders, ropes, or scaffolds; and no concentrated exposure to undue amounts of dust or known chemical irritants.  (R. 34.)  In making this determination, she considered all of Plaintiff's symptoms to the extent they could be accepted as consistent with the objective medical evidence and all other evidence based on the requirements of 20 C.F.R. 416.929 and SSRs 96-4p and 96-7p.  (*Id.*)  ALJ Krappa also considered opinion evidence in accordance with the requirements of 20 C.F.R. 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.  (*Id.*)  In support of her findings, she cited extensively to Plaintiff's testimony, the treatment and evaluative records of Dr. Garg, Dr. DiLallo, and Dr. Ferdinand, as well as the records from Trinitas Regional Medical Center.  (R. 36.)  In light of the

substantial evidence reviewed, this Court finds that ALJ Krappa properly determined Plaintiff's RFC.

At step four, ALJ Krappa properly found that Plaintiff cannot perform his past relevant work under 20 C.F.R. 404.1565 and 416.965. (*Id.*) She cited to the vocational expert's testimony that Plaintiff cannot perform the work of a machine operator and noted that Plaintiff's past relevant work was performed at the medium level, and thus based on his RFC, he is unable to perform such work. (*Id.*)

Lastly, at step five, ALJ Krappa properly found that Plaintiff can perform work that exists in significant numbers in the national economy. (R. 37.) ALJ Krappa considered Plaintiff's age, education, work experience and RFC, as well as the vocational expert's testimony. (R. 37.) The vocational expert determined that Plaintiff was capable of satisfying the requirements of the representative occupations of a sealing machine operator and ticketer, which exist in the aggregate of thousands of jobs nationally. (*Id.*) Because Plaintiff is capable of performing work that exists in significant numbers in the national economy, Plaintiff is not deemed disabled under sections 216(i) and 223(d) of the Social Security Act. (R. 38.)

## IV. CONCLUSION

Because this Court finds that ALJ Krappa's decision is supported by substantial evidence in the record, the Commissioner's determination is **AFFIRMED**.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Parties